DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

KISKIDEE, LLC d/b/a HIBISCUS BEACH )
RESORT and H2O RESTAURANT (a/k/a )
HIBISCUS HOTEL and H2O RESTAURANT), )
                                                                                                                                                                                              )
              Plaintiffs, )
v. ) Civil Action No. 2009-077
   )
CERTAIN INTERESTED UNDERWRITERS )
AT LLOYD'S OF LONDON SUBSCRIBING TO )
POLICY NO. NB043060b, unincorporated )
foreign association of individuals, )
   )
              Defendant. )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Harold B. Klite Truppman, Esq.,**
Miami, Fla.
    *For the Plaintiffs*

**Douglas L. Capdeville, Esq.,**
St. Croix, U.S.V.I.
**Sharmane Davis-Brathwaite, Esq.,**
St. Thomas, U.S.V.I.
**Matthew L. Litsky, Esq.,**
Tampa, Fla.
**Paige C. Jones, Esq.,**
Houston, Texas
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

      THIS MATTER is before the Court on Plaintiffs' Appeal of the Magistrate Judge's August 12, 2011 Order denying Plaintiffs' Motion for Extension of Time to File Motion for Reconsideration and/or Motion for Relief from Order/Proceeding ("Motion for Extension of Time"). (Dkt. No. 101). Also pending before the Court is Plaintiffs' Motion to Stay pending appeal. (Dkt. No. 100). For the

reasons stated below, the Court affirms the Magistrate Judge's Order denying Plaintiffs' Motion for Extension of Time, and further denies the Motion to Stay as moot.

## I. BACKGROUND

This action arises out of a dispute concerning a windstorm insurance policy. On October 15, 2009, Plaintiffs, Kiskidee, LLC and H2O Restaurant ("Plaintiffs") filed their Complaint alleging, *inter alia*, breach of contract and bad faith. (Dkt. No. 1). On June 4, 2010, Defendant, Certain Underwriters at Lloyd's of London ("Defendant"), filed a Motion to Stay and Abate Plaintiff[s'] Claim of Bad Faith, pursuant to Fed. R. Civ. P. 42(b), until the underlying breach of contract action is resolved. (Dkt. No. 10). Plaintiffs did not respond to the motion. On June 18, 2010, the Magistrate Judge entered an Order granting the Defendant's motion, and Plaintiffs' bad faith and breach of contract claims were bifurcated for separate trials. (Dkt. No. 15). Plaintiffs did not file any timely objections to the Magistrate Judge's decision.

Approximately one year later, on June 6, 2011, Plaintiffs filed their Motion for Extension of Time. (Dkt. No. 83). Therein, Plaintiffs requested a retroactive extension of time so that they could move for reconsideration of the Magistrate Judge's June 18, 2010 decision to stay and abate the bad faith claim. The Plaintiffs argued that an extension of time was merited because they had only received relevant discovery, reflecting "Defendant's overlapping and intertwined breach of contract and bad faith actions," on March 24, 2011. (Dkt. No. 88). Plaintiffs further stated that Defendant's delay in responding to discovery requests prevented their timely access to all of the information necessary to properly assess their appeal of the Magistrate Judge's decision to bifurcate. The Plaintiffs also contended that the availability of new evidence resulted in a "dramatic change of circumstances" resulting in the inseparability of the breach of contract and bad faith issues. *Id*. at 3.

The Magistrate Judge denied the Plaintiffs' Motion for Extension of Time on August 12, 2011, on the grounds that Plaintiffs had failed to show good cause for the approximately eleven-month delay in filing their motion for reconsideration. (Dkt. No. 98). On August 29, 2011, this appeal of the Magistrate Judge's decision and accompanying Motion to Stay followed. (Dkt. Nos. 101, 100).

## II. DISCUSSION

### A. Applicable Legal Principles

#### 1. Appeal from Magistrate Judge's Decision

Under Local Rule of Civil Procedure 72, magistrate judges in the Virgin Islands are authorized to hear and determine pretrial matters in civil cases as permitted by 28 U.S.C. § 636. "A district judge may only set aside an order of a magistrate concerning a non-dispositive matter where the order has been shown to be clearly erroneous or contrary to law." *Grider v. Keystone Health Plan Central, Inc*., 580 F.3d 119, 146 (3d Cir. 2009); Fed. R. Civ. P. 72(a).

Under the clearly erroneous standard, "a reviewing court can upset a [magistrate judge's] finding of fact, even when supported by some evidence, but only if the court has the definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 92 (3d Cir. 1992) (citing *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)). A magistrate judge's conclusion of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Clarke v. Marriot Int'l, Inc*., 2010 U.S. Dist. LEXIS 40813, at *7-8 (D.V.I. Apr. 23, 2010). When ruling on non-dispositive pre-trial matters, a magistrate judge's decisions are accorded wide discretion*. Id.* Thus, a party seeking to overturn a magistrate judge's ruling on a non-dispositive pre-trial matter bears a heavy burden. *Jiminez v. Pepsico Foods Caribbean*, 2011 U.S. Dist. LEXIS 116100, at *7 (D.V.I. Oct. 6, 2011).

## 2. Extension of Time

Under Local Rule of Civil Procedure 7.3, a party has fourteen days to file a motion for reconsideration.[1] Federal Rule of Civil Procedure 6(b)(1) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.*[2] "[R]ulings by a Magistrate Judge on requests for extension of time rest in the sound discretion of the court." *Thomas v. Rijos*, 780 F. Supp. 2d 376, 388 (D.V.I. 2011) (citations omitted). "When a magistrate judge's decision involves a discretionary matter such as the need for extended time . . . , 'courts [] have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.'" *Id.* (citing *Halsey v. Pfeiffer*, 2010 U.S. Dist. LEXIS 97590, at *4 (D.N.J. Sept. 17, 2010) (quoting *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004)). The moving party carries the burden of demonstrating good cause and/or excusable neglect. *See Glasgow v. Veolia Water N. Am.*, 2011 U.S. Dist. LEXIS 87292, at *10 (D.V.I. Aug. 5, 2011) (citing 10 Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 621-22 (burden is on the movant to show both "good cause" and "excusable neglect").

### B. Analysis

This Court's appellate review concerns whether the Magistrate Judge's denial of Plaintiffs' request for an extension of time for lack of good cause was clearly erroneous, contrary to law or an abuse of discretion.

---

[1] "A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 7.3.

[2] The "excusable neglect" inquiry is broad and "determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)).

Here, Plaintiffs sought an extension of time, *nunc pro tunc*, to file their motion for reconsideration. Plaintiffs broadly state that the Magistrate Judge erred in denying their Motion for Extension of Time because the Defendant's "overlapping and intertwined breach of contract and bad faith actions" were belatedly made known to them. However, Plaintiffs do not even identify what newly discovered facts intertwined the actions so as to justify a change in their position and an accompanying eleven-month extension of time, much less carry their heavy burden of demonstrating the requisite error in the Magistrate Judge's discretionary decision. Accordingly, the Magistrate Judge's decision to deny Plaintiffs' motion for an extension of time was not contrary to law, clearly erroneous or an abuse of discretion.

### III. CONCLUSION

This appeal concerns a Magistrate Judge's decision denying Plaintiffs' Motion for Extension of Time. Plaintiffs have failed to proffer factual good cause or excusable neglect sufficient to grant them a *nunc pro tunc* extension of time or leave to file out of time. *See* Fed. R. Civ. P. 6(b)(1)(B).[3] In view of the foregoing, there is no basis for a finding that the Magistrate Judge's decision was contrary to law, clearly erroneous or an abuse of discretion.

**UPON CONSIDERATION** of the foregoing and the entire record herein, it is hereby

**ORDERED** that the Magistrate Judge's August 12, 2011 Order is **AFFIRMED;** and it is further

**ORDERED** that Plaintiffs' appeal of the Magistrate Judge's August 12, 2011 Order is **DENIED;** and it is further

---

[3] *Gautier-James v. Hovensa, L.L.C.,* 2012 U.S. Dist. LEXIS 4218, at *8 n.2 (D.V.I. Jan. 13, 2012) ("whether the analysis is approached from a 'good cause' or 'excusable neglect' perspective, the result here is the same").

**ORDERED** that Plaintiffs' Motion to Stay is **DENIED as MOOT.**

**SO ORDERED.**

Date: March 26, 2012 _____/s/_____
WILMA A. LEWIS
District Judge