# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **KISKIDEE, LLC d/b/a HIBISCUS BEACH RESORT and H2O RESTAURANT (a/k/a HIBISCUS HOTEL and H2O RESTAURANT),** ) ) ) ) **Plaintiffs,** ) v. ) ) **CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. NB043060b, unincorporated foreign association of individuals,** ) ) ) ) ) ) **Defendant.** ) | Civil Action No. 2009-077 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Harold B. Klite Truppman, Esq.,**
Miami, Fla.
  *For the Plaintiffs*

**Douglas L. Capdeville, Esq.,**
St. Croix, U.S.V.I.
**Sharmane Davis-Brathwaite, Esq.,**
St. Thomas, U.S.V.I.
**Matthew L. Litsky, Esq.,**
Tampa, Fla.
**Paige C. Jones, Esq.,**
Houston, Texas
  *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

  **COMES NOW** this Court to review *sua sponte* the Magistrate Judge's June 18, 2010 Order, which severed Plaintiffs' bad faith claim from their remaining breach of contract and other claims.

(Dkt. No. 15). For the reasons that follow, the Court reverses the Magistrate Judge's ruling, and remands for further proceedings consistent with this opinion.

## I. BACKGROUND

At all times relevant to this action, Plaintiffs owned and operated a hotel and restaurant. Defendant underwrote insurance policies. *See* Second Amended Complaint at ¶¶ 5-6. In August 2008, the parties entered into a windstorm insurance agreement to cover Plaintiffs' property. *Id*. at ¶ 7. After Plaintiffs' property was substantially damaged by Hurricane Omar in October 2008, Plaintiffs made a claim under the insurance policy. *Id*. at ¶ 10. The claim was acknowledged, an adjuster appraised the claim and Defendant offered payment. *Id*. at ¶¶ 16, 59. Plaintiffs rejected the offer on the grounds that the payment was inadequate. *Id*. at ¶¶ 24-26, 93. On October 15, 2009, Plaintiffs filed a four-count civil complaint alleging breach of contract, bad faith, punitive damages and fraud. (Dkt. No. 1).[1]

On June 4, 2010, Defendant filed a Motion to Stay and Abate Plaintiff[s'] Claim of Bad Faith pursuant to Fed. R. Civ. P. 42(b). (Dkt. No. 10). In support of its motion, Defendant posited that this Court routinely bifurcates bad faith claims, through discovery and trial, until liability and damages on the underlying breach of contract claim are determined. (*Id.*) Plaintiffs did not file an opposition to Defendant's motion.

On June 18, 2010, this Court's Magistrate Judge granted Defendant's Motion to Stay and Abate Plaintiff[s'] Claim of Bad Faith, thus bifurcating that claim from the contract claim for a separate trial. (Dkt. No. 15). The Magistrate Judge noted that, "courts are 'afforded large discretion in deciding whether to sever claims for trial.'" *Kiskidee v. Certain Interested*

---

[1] Plaintiffs subsequently filed a First Amended Complaint on April 8, 2010 (Dkt. No. 4), and a Second Amended Complaint on May 11, 2011 (Dkt. No. 75).

*Underwriters at Lloyd's of London*, 2010 WL 2555037, at *1 (D.V.I. June 18, 2010) (citations omitted) (Dkt. No. 15). The Magistrate Judge went on to find, however, that

> severance of the bad faith claim is *required* because in the Virgin Islands, in order to make out a cause of action for the tort of bad faith a plaintiff [is] required to show . . . the existence of an insurance contract between the parties and a breach by the insurer.

*Id*. (emphasis added) (internal citations and quotations omitted).[2]

Plaintiffs did not file timely objections to the Magistrate Judge's June 18, 2010 decision. Instead, on June 6, 2011, approximately one year after the ruling, Plaintiffs filed a Motion for Extension of Time to File a Motion for Reconsideration of the Magistrate Judge's ruling. (Dkt. No. 83). Therein, Plaintiffs requested an eleven-month retroactive extension to file a motion for the Magistrate Judge to reconsider his decision to stay and abate their bad faith claim. *Id*. On August 12, 2011, the Magistrate Judge denied Plaintiffs' Motion for Extension of Time on the grounds that Plaintiff had failed to show good cause for the delay (Dkt. No 98), and on August 29, 2011, Plaintiffs appealed (Dkt. No. 101). By Order entered today, March 26, 2012, this Court affirmed the Magistrate Judge's August 12, 2011 decision denying Plaintiffs' Motion for Extension of Time on the grounds that the decision was not clearly erroneous or contrary to law. (Dkt. No. 328).

---

[2] Although courts sometimes use the terms "bifurcation" and "severance" interchangeably, they are analytically distinct. *See McDaniel v. Anheuser-Busch*, 987 F.2d 298, 304 n.19 (5th Cir. 1993) (citing 9 Wright & Miller, Federal Practice and Procedure: Civil § 2387 (1971) (Bifurcation of claims for "[s]eparate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently.")).

Here, notwithstanding the Magistrate Judge's use of the term "severance," the Order was entered in response to a motion pursuant to Fed. R. Civ. P. 42(b), which provides for separate trials. Thus, the bad faith and contract claims have been bifurcated for separate trials, not severed into independent actions. *See id*. ("Upon close analysis we find that, despite the ambiguous title of the instant motion and its equally ambiguous treatment by the district court, a separate trial rather than a severance was sought and granted.").

Accordingly, at this juncture, Plaintiffs' bad faith and breach of contract claims remain bifurcated. This Court now reviews the Magistrate Judge's June 18, 2010 legal holding concerning bifurcation *sua sponte*.

## II. DISCUSSION

### A. *Sua Sponte* Review of Magistrate's Decision

Pursuant to Local Rule of Civil Procedure 72, magistrate judges in the Virgin Islands are authorized to hear and determine pretrial matters in civil cases as permitted by 28 U.S.C. § 636. However, "section 636(b) contains no limitation on a district court's power to resume control over a case that has previously been referred to a magistrate judge." *Grant v. Omni Health Care Sys. of N.J.*, 427 F. App'x 156, 159 n.1 (3d Cir. 2011).

Hence, although Federal Rule of Civil Procedure 72(a) places limits on a party's ability to seek review of a magistrate judge's non-dispositive order, "a party's failure to seek timely review does not strip a district court of its power to revisit the issue." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006); *see, e.g., United States v. Flaherty,* 668 F.2d 566, 585 (1st Cir. 1981); *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 at 353-56 (2d ed.1997).  The case itself remains the district judge's case throughout. *See Phillips v. Raymond Corp.,* 213 F.R.D. 521, 525 (N.D. Ill. 2003) (noting that if a district judge has authority to reconsider his own non-dispositive discovery rulings, he should have the same authority to review a magistrate judge's ruling).  As such, "the district judge remains the final authority in the case, and he may reconsider *sua sponte* any matter determined by a magistrate judge." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) (citing Illinois local procedural rule 73.1(a)); *see also Cipollone v. Liggett Group, Inc*., 822 F.2d 335, 348 n.1 (3d Cir. 1987) (quoting H.R. Report No. 1609, 94th Cong., 2nd Sess. 9-11, *reprinted in* 1976 U.S. Code

Cong. & Ad. News 6162, 6170) *("[T]he [district] judge has the inherent power to rehear or reconsider a matter [decided by a magistrate judge] sua sponte.")* (emphasis added).

### B.  Bifurcation/Separate Trials

Federal Rule of Civil Procedure 42(b) provides in pertinent part that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Courts are "afforded large discretion in deciding whether to sever claims for trial." *Idzojtic v. Pennsylvania R. Co.,* 456 F.2d 1228, 1230 (3d Cir. 1972). In exercising its discretion, a court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.,* 750 F.2d 19, 22 (3d Cir. 1984).

Bifurcation may be utilized when a court determines that such action furthers convenience, judicial economy or avoids the risk of prejudice. *See Yellowbird Bus Co., Inc.,* 2010 U.S. Dist. LEXIS 69554, at *21 (E.D. Pa, July 13, 2010) (citing *AstenJohnson v. Columbia Cas. Co.,* No. 03-1552, 2006 U.S. Dist. LEXIS 42606, at *2 (E.D. Pa. June 22, 2006)).  However, bifurcation is not meant to be a routine practice. *Pease v. Lycoming Engines*, 2011 U.S. Dist. LEXIS 108950, at *6 (M.D. Pa. Sept. 23, 2011) (citing Fed. R. Civ. P. 42(b) (Advisory Committee Note (1966) stating that "separation of issues for trial is not to be routinely ordered")); *see also Cranston Print Works Co. v. J. Mason Prods.*, 1988 U.S. Dist. LEXIS 18004, at *8 (S.D.N.Y. Nov. 13, 1998) ("Separate trials are the exception, not the rule."); *Grosek v. Panther Transp., Inc.*, 2009 U.S. Dist. LEXIS 27372, at *4 (M.D. Pa. Apr. 1, 2009); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620-21 (N.D. Ill. 2000). The Third Circuit has "cast its lot with the views expressed by the Advisory Committee that bifurcation 'be encouraged where experience has demonstrated its worth' but that 'separation

of issues for trial is not to be routinely ordered.'" *Lis v. Robert Packer Hospital*, 579 F.2d 819, 824 (3d Cir. 1978) (internal citations omitted).

### C.  Standard of Review

A district judge may set aside an order of a magistrate judge concerning a non-dispositive matter where the order has been shown to be "clearly erroneous or contrary to law." *Grider v. Keystone Health Plan Central, Inc*., 580 F.3d 119, 146 (3d Cir. 2009); Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "a reviewing court can upset a [magistrate judge's] finding of fact, only if the court has the definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 92 (3d Cir. 1992) (citing *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)). A magistrate judge's conclusion of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Clarke v. Marriot Int'l, Inc*., 2010 U.S. Dist. LEXIS 40813, at *7-8 (D.V.I. Apr. 23, 2010).

Here, the Court's review concerns the Magistrate Judge's legal conclusion regarding bifurcation of the breach of contract and bad faith claims. Therefore, review is plenary. *Thomas v. Rijos,* 780 F. Supp. 2d 376, 384 (D.V.I. 2011) (citing *Haines*, 975 F.2d at 91) (district court conducts a "plenary review" of a magistrate judge's non-dispositive conclusions of law); *see also* Fed. R. Civ. P. 72(a).

### D.  Analysis

In his June 18, 2010 Order, the Magistrate Judge properly held that "in order to make out a cause of action for the tort of bad faith a plaintiff [is] required to show . . . the existence of an insurance contract between the parties and a breach by the insurer." *Kiskidee*, 2010 WL 2555037, at

\*1 (Dkt. No. 15).[3]  However, the Magistrate Judge concluded that where bad faith and breach of contract are alleged, the Court is "required" to bifurcate the bad faith claim from the breach of contract claim. *Id*. In support of this proposition, the Magistrate Judge relied on *Justin v. Guardian Ins. Co.*, 670 F. Supp. 614, 617 (D.V.I. 1987).

*Justin* concerned a plaintiff who procured insurance for his van through the defendant insurer. *Id.* at 614. After the insurer rejected his claim arising out of a fire in the van, the plaintiff filed suit alleging, *inter alia*, bad faith. *Id*. Contrary to the Magistrate Judge's ruling that "severance of the bad faith claim is required," the court in *Justin* did not bifurcate the bad faith claim from the plaintiff's remaining claims. *Id*. at 617. Instead, the court held that "in most normal cases, [] a plaintiff [must] obtain a *directed verdict* on the contract in order to even get to the jury and make out a successful bad faith claim." *Id*. (emphasis added). Thus, while the Court in *Justin* recognized that a finding of breach of contract was necessary for a bad faith finding, the Court did not mandate bifurcation of the bad faith and breach of contract claims into separate trials. *Id*. at n. 8.

The Magistrate Judge did not otherwise identify precedent to support the legal conclusion that bifurcation of bad faith claims from breach of contract claims is *required* in the Virgin Islands. Nor did the Magistrate Judge make findings that separate trials were necessary in the instant matter to further convenience, avoid prejudice, economize or expedite the disposition of this matter. Fed.

---

[3]  To make out a cause of action for the tort of bad faith in the Virgin Islands, a plaintiff is required to show: 1) *the existence of an insurance contract between the parties and a breach by the insurer*; 2) intentional refusal to pay the claim; 3) the nonexistence of any reasonably legitimate or arguable reason for the refusal (debatable reason) either in law or fact; 4) the insurer's knowledge of the absence of such a debatable reason[;] or 5) when the plaintiff argues that the intentional failure results from the failure of the insurer to determine the existence of an arguable basis, the plaintiff must prove the insurer's intentional failure to determine the existence of such a debatable reason.

*Justin v. Guardian Ins. Co*., 670 F. Supp. 614, 617 (D.V.I. 1987) (emphasis added).

R. Civ. P. 42(b). The adoption, as here, of a rigid rule requiring bifurcation of bad faith claims from breach of contract claims would undermine—and be contrary to—the use of bifurcation as a discretionary tool employed on a "case-by-case" basis to promote efficiency and judicial economy and avoid prejudice. *Lis*, 579 F.2d at 824 (citing *Idzojtic,* 456 F.2d at 1230 ("[T]he decision to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance."); *see also Consugar v. Nationwide Ins. Co. of Am.,* 2011 U.S. Dist. LEXIS 61756, at *19 (M.D. Pa. June 9, 2011) (decision to bifurcate is left to the trial court's discretion and is decided on a case-by-case basis); Fed. R. Civ. P. 42(b) Advisory Committee note (1966) ("separation of issues for trial is not to be routinely ordered"). Thus, the Magistrate Judge's conclusion that bifurcation of bad faith claims from breach of contract claims is *required* in the Virgin Islands is contrary to law.

"A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *McCrae v. Pitts Corning CoMadrp.,* 97 F.R.D. 490, 492 (E.D. Pa. 1983); *see, e.g., Plaza-Bonilla v. Cortazzo*, 2009 U.S. Dist. LEXIS 30672, at *3-4 (E.D. Pa. Apr. 9, 2009). Here, Defendant has failed to demonstrate that the considerations that warrant bifurcation exist.

This Court's independent review of this case reveals that bifurcation does not promote efficiency, convenience or judicial economy, nor is it warranted to prevent prejudice to the parties. It is, of course, indisputable that the breach of contract and bad faith claims overlap. Both claims concern Defendant's alleged refusal to provide the funds under the insurance agreement, and

include overlapping background information and documents.[4] In addition many, if not most, of the same witnesses are likely to be called upon to give depositions and testify concerning both claims. Accordingly, bifurcating this matter for separate trials could require a separate discovery process involving much of the same documents and witnesses. Indeed, the parties have been engaged in on-going discovery disputes regarding whether certain information is discoverable at this time because the contested information allegedly speaks to Plaintiffs' bad faith claim rather than their breach of contract claim. (Dkt. Nos. 149, 160, 161, 162); *see, e.g.,* Magistrate Judge's November 21, 2011 Order Denying Plaintiffs' Motion to Compel Depositions (Dkt. No. 160) ("Having reviewed Defendant's motion for protective order, the Court agrees that the 30(b)(6) deposition of Defendant must be limited to Plaintiffs' breach of contact claim."). Such factors counsel against bifurcation. *See, e.g., Yellowbird Bus Co.,* 2010 U.S. Dist. LEXIS 69554, at *22 (refusing to bifurcate overlapping breach of contract and bad faith claims against insurer where to do so would not serve judicial efficiency because, "discovery pertaining to Yellowbird's breach of contract claim substantially overlaps with the bad faith insurance claim") .

In short, if the bad faith and contract claims in this matter remain bifurcated, there could be separate discovery, dispositive motion proceedings, and trials in order to make determinations involving overlapping sets of facts and evidence. Under the circumstances here, this duplicative process would promote inefficiency, inconvenience and the unnecessary expenditure of resources.

---

[4] For example, the overlapping information includes: the parties' entry into an insurance contract; payment of policy premiums; evidence of mitigation of damages; compliance with policy conditions by the insured; investigation of claim; compliance with contract duties and obligations by the parties; determination of amount of damages by both parties; and estimates of damages. Additionally, the same documents may be used and include: the insurance policy; contracts; damage/repair estimates, bids; bills; invoices; receipts; cancelled checks; correspondence; repair/renovation documents; contractor/expert reports; rental loss documents; profit/loss statements; work proposals; permits; and photographs.

*See, e.g., Consugar,* 2011 U.S. Dist. LEXIS 61756, at *20-21 (citing *Calestini v. Progressive Cas. Ins. Co.*, 2009 U.S. Dist. LEXIS 117138, at *2 (M.D. Pa. Dec. 16, 2009) (denying motion to bifurcate bad faith and breach of contract claims where "[a] trial on this matter would be based on the same set of facts and use much of the same evidence. Thus, a bifurcated trial would be a waste of the court's time and resources.").

Nor is bifurcation necessary to avoid prejudice to the parties. Defendant argues that bifurcation prevents prejudice because "[a]llegations of [bad faith] wrongdoing risk confusing or prejudicing the breach of contract issues" (Dkt No. 89), and because "bad faith discovery explores motive" and "goes much further than the more basic prerequisite contractual issue of whether there are any unpaid damages covered by the [p]olicy." *Id*. The Court finds these arguments unpersuasive. *See, e.g., Consugar,* 2011 U.S. Dist. LEXIS 61756, at *20-21 (rejecting argument that discovery on bad faith claim would prejudice discovery on uninsured motorist claim, and holding that, "[t]here is no reason to bifurcate this trial."). Indeed, were such unspecific, garden variety arguments of alleged prejudice to be accepted, bifurcation would no longer be the exception, but instead, would swallow the rule. However, the Third Circuit has made clear that it has "cast its lot with the views expressed by the Advisory Committee that . . . separation of issues for trial is not to be routinely ordered." *Lis*, 579 F.2d at 824. Consistent with the Third Circuit's pronouncement, "[w]e adhere to that position." *Id*.

### III. CONCLUSION

It was contrary to law for the Magistrate Judge to conclude that bifurcation of a bad faith claim from a breach of contract claim is "required" in the Virgin Islands. In the context of this case, the Defendant has failed to meet its burden of demonstrating that bifurcation is warranted. Accordingly, this Court *sua sponte* reverses the Magistrate Judge's June 18, 2010 decision to

bifurcate the bad faith and breach of contract claims in this matter, and remands for further proceedings consistent with this Opinion. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

Date: March 26, 2012 _____/s/_____
WILMA A. LEWIS
District Judge