**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **KISKIDEE, LLC d/b/a HIBISCUS BEACH RESORT and H2O RESTAURANT (a/k/a HIBISCUS HOTEL and H2O RESTAURANT),**<br><br>Plaintiffs,<br>v.<br><br>**CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. NB043060b, unincorporated foreign association of individuals,**<br><br>Defendant. | Civil Action No. 2009-077 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Harold B. Klite Truppman, Esq.,**
Miami, Fla.
    *For the Plaintiffs*

**Sharmane Davis-Brathwaite, Esq.,**
St. Thomas, U.S.V.I.
**Matthew L. Litsky, Esq.,**
Tampa, Fla.
**Paige C. Jones, Esq.,**
Houston, Texas
    *For the Defendant*

**Douglas L. Capdeville, Esq.,**
St. Croix, U.S.V.I.
    *For certain non-party deponents*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER is before the Court on "Plaintiffs' Appeal of Magistrate Judge's Order Dated March 7, 2012, Granting Defendant's Motion for Leave to Amend Answer and Affirmative Defenses." (Dkt. No. 311). For the reasons that follow, Plaintiffs' appeal will be denied.

**I. BACKGROUND**

On January 20, 2012, Defendant filed its Motion for Leave to Amend Answer and Affirmative Defenses. (Dkt. No. 238). Therein, Defendant sought leave to add the insurance policy's flood exclusion and other exclusions as affirmative contractual defenses to Plaintiffs' claims for coverage. The Defendant stated that it became aware that Plaintiffs intended to seek recovery for flood damage only after taking deposition testimony on January 19, 2012 related to flood damage, and after receiving a supplemental estimate during the course of discovery. (*Id*. at 2). Defendant asserted that this new evidence, adduced during the course of discovery, indicated that Plaintiffs intended to seek flood damage recovery as well as recovery on other building damage claims. In anticipation of these claims, Defendant sought leave to assert the flood exclusion, as well as other affirmative contractual defenses including exclusions for wear/tear and deterioration; other insurance; building defect; and vice or latent defects. (*Id*. at 5).[1]

---

[1] The five additional affirmative defenses raised in Defendant's January 20, 2012 Motion to Amend included the Twelfth Affirmative Defense, Flood Exclusion – flood damage and remediation are not covered (Dkt. No. 293 at 20-21); Thirteenth Affirmative Defense, Other insurance – loss or damage insured elsewhere are not covered except where other insurance is less than applicable limits or sub-limits insured by policy (*id*. at 21); Fourteenth Affirmative Defense, Deterioration - wear/tear and deterioration which commenced prior to the inception of the policy are not covered (*id*. at 22); Fifteenth Affirmative Defense, Building Defect Exclusion – building defects as a result of design workmanship or unsuitable materials are excluded from coverage (*id*. at 23); and Sixteenth

At the time that Defendant's motion was filed, the deadline for factual discovery was January 31, 2012 -- eleven days later.  Plaintiffs argued that Defendant should have raised its defenses much earlier, but intentionally delayed its amendments until the cusp of the factual discovery deadline to tactically shield itself from such discovery.  (Dkt. No. 260).

On March 7, 2012, the Magistrate Judge granted Defendant's Motion for Leave to Amend. (Dkt. No. 292).  The Magistrate Judge found that Defendant's "purported delay is not undue, motivated by bad faith or prejudicial." (*Id*. at 2). The Magistrate Judge noted that, "[d]espite the fact that Defendants could have asserted the affirmative defense earlier, they were not on notice that the affirmative defense they seek to add would be at issue until they received Plaintiffs' 'supplemental estimate' and took the deposition of Mr. Martinez." (*Id*.)   On March 7, 2012, Defendant filed its Second Amended Answer. (Dkt. No. 293). On March 16, 2012, Plaintiffs filed the instant appeal of the Magistrate Judge's March 7, 2012 Order granting Defendant's January 20, 2012 Motion to Amend. (Dkt. No. 311).

## II. STANDARD OF REVIEW

### A. Appeal of Magistrate Judge's Decision

Under Local Rule of Civil Procedure 72, magistrate judges in the Virgin Islands are authorized to hear and determine pretrial matters in civil cases as permitted by 28 U.S.C. § 636.  "A district judge may only set aside an order of a magistrate concerning a non-dispositive matter where the order has been shown to be clearly erroneous or contrary to law." *Grider v. Keystone Health Plan Central, Inc*., 580 F.3d 119, 146 (3d Cir. 2009); Fed. R. Civ. P. 72(a).

---

Affirmative Defense, Vice or Latent defect – loss caused by moths, termites, vermin, smog, fog or changes in atmospheric temperature is  excluded from coverage (*id*. at 23).

A factual finding is clearly erroneous when it "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Liggett Group, Inc*. 975 F.2d 81, 92 (3d Cir. 1992); Under the clearly erroneous standard, "a reviewing court can upset a [magistrate judge's] finding of fact, even when supported by some evidence, but only if the court has the definite and firm conviction that a mistake has been committed." *Id.* at 92. With respect to a Magistrate Judge's legal conclusions, the district court should exercise its independent judgment based on a *de novo* review. *United States v. Allick*, 2012 U.S. Dist. LEXIS 948 (D.V.I. January 5, 2012). A magistrate judge's conclusion of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Clarke v. Marriot Intern., Inc*., No. 2008-0086, 2010 U.S. Dist. LEXIS 40813, at *7-8 (D.V.I. 2010). When ruling on non-dispostive pretrial matters, a magistrate judge's decisions are accorded wide discretion. *Id.* Thus, a party seeking to overturn a magistrate judge's ruling on a non-dispositive pre-trial decision "bears a heavy burden." *Jiminez v. Pepsico Foods Caribbean*, 2011 U.S. Dist. LEXIS 116100, at *7 (D.V.I. October 6, 2011).

### B. Motion to Amend Answer

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has held that:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may, therefore, deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue

4

delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman*, 371 U.S. at 182)).

### III. ANALYSIS

Plaintiffs seek reversal of the Magistrate Judge's March 7, 2012 decision granting Defendant's Motion to Amend its Answer. Plaintiffs argue that Defendant's amendment to add affirmative defenses should be denied because "each and every one" of Defendant's new affirmative defenses should have been asserted years ago. (Dkt. No. 311 at 8). Plaintiffs emphasize that Defendant should have raised the insurance policy's flood damage exclusion affirmative defense at the beginning of the litigation, because, on or about November 25, 2008, prior to the filing of this action, Defendant prepared a Preliminary Report, in which it referenced flood damage to Plaintiffs' facilities. (Dkt. No. 311 at 3). Plaintiffs also argue that the amendments are motivated by bad faith and that Plaintiffs are prejudiced by the new affirmative defenses, because the January 31, 2012 factual discovery deadline unfairly precludes them from taking fact discovery on Defendant's new affirmative defenses.

Defendant concedes that some of the information to support its affirmative defenses was in its possession. Defendant argues, however, that the policy's flood, microorganism and other exclusions precluded certain claims against it, and as such, it became aware that Plaintiffs intended to raise flood damage, microorganism and other building damage claims in this litigation only during the course of discovery. Defendant highlights two discovery-related disclosures that it claims justify its belated request to raise additional affirmative defenses.

First, Defendant points to the January 19, 2012 deposition of Plaintiffs' HVAC vendor, Mr. Luis Martinez. Martinez testified that all of the HVAC units showed signs of exposure to salt water

and salt water spray. Defendant argues that this recent deposition testimony demonstrates that Plaintiffs intend to raise flood damage in this litigation.[2] Second, Defendant states that during the course of discovery, Plaintiffs produced supplemental estimates which "noted in detail evidence of long-term wear, tear and deterioration." (Dkt. Nos. 238 at 2, 238-4). Defendant argues that this newly discovered information also demonstrates Plaintiffs' intention to litigate issues that Defendant reasonably believed were excluded from this case. Defendant further contends that Plaintiffs are not subject to undue surprise because they knew or should have known that the policy contains flood exclusion, evidenced by the fact that Plaintiffs maintained separate flood co-insurance, and were paid at least $357, 627.02 for flood damage to the property. (Dkt. No. 238 at 5).

> In granting Defendant leave to amend, the Magistrate Judge concluded as follows:
>
> In the matter at bar, Defendants' purported delay is not undue, motivated by bad faith, or prejudicial. Despite the fact that Defendants could have asserted the affirmative defenses earlier, they were not on notice that the affirmative defense they seek to add would be at issue until they received Plaintiff's "supplemental estimate" and took the deposition of Mr. Martinez. Because the additional affirmative defenses assert policy exclusions, the Court disagrees with Plaintiff's assertion that additional fact discovery, including re-deposing Defendants' witnesses, would be necessary.

(Dkt. No. 292 at 3).

Here, the Magistrate Judge's Order accurately recites Defendant's argument that, "[d]espite the fact that Defendants could have asserted the affirmative defenses earlier, they were not on notice that the affirmative defense[s] they seek to add would be at issue until they received

---

[2] Defendant also contends that during the adjustment process, no known items relating to flood damage were claimed by the Plaintiffs. (Dkt. No. 238 at 3).

6

Plaintiff's "supplemental estimate" and took the deposition of Mr. Martinez." (Dkt. No. 238 at 3).[3] However, the Order under review does not state the basis for this conclusion, especially in the face of Plaintiffs' arguments to the contrary. Similarly, the Magistrate Judge did not articulate the underlying rationale for his conclusion that additional discovery by Plaintiffs would be unnecessary "[b]ecause the additional affirmative defenses assert policy exclusions . . ." The Court does not subscribe to the blanket proposition that when policy exclusions are raised as affirmative defenses factual discovery is not necessary, and the Magistrate Judge's Order does not explain why such a conclusion is appropriate here. (Dkt. No. 292 at 3). In sum, the Magistrate Judge's Order fails to make adequate findings, based on the record, for this Court to determine whether the Magistrate Judge's decision was clearly erroneous or contrary to law. In the absence of such findings, the Court will consider the issue *de novo*. *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 348 n.1 (3d Cir. 1987) ("[T]he [district] judge has the inherent power to rehear or reconsider a matter [decided by a magistrate judge] sua sponte.")

"While leave to amend 'shall be freely given when justice so requires' justice does, after all, have to require it, and the District Courts will presumably say no, for example, in the face of unjustifiable delay or threatened prejudice." *Mayle v. Felix*, 545 U.S. 644, 665-666 (2005)(quoting *Foman*, 371 U.S. at 182). At issue, here, are the elements of delay, bad faith and prejudice. "Delay alone is an insufficient ground to deny leave to amend." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978); *Adams v. Gould, Inc*., 739 F.2d 858, 868 (3d Cir. 1984)("The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay."). However, "at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the

---

[3] "Defendant's Motion for Leave to Amend Answer and Affirmative Defenses."

opposing party." *Adams*, 739 F.2d at 868 (internal quotations and citations omitted). To demonstrate prejudice in an amendment context, an opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Lundy v. Adamar of New Jersey,* 34 F.3d 1173, 1189 (3d Cir. 1994) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

Without deciding whether prejudice might otherwise have been shown at the time of the Magistrate Judge's Order, the Court finds that no prejudice has been suffered by the Plaintiffs because several developments have changed the discovery timeline since the Magistrate Judge granted the Defendant's Motion to Amend. These developments include: this Court's March 26, 2012, *sua sponte* unification of the bad faith claim with the breach of contract and punitive damages claims (Dkt. No. 330); the parties April 25, 2012, Joint Stipulation to Extend Discovery (Dkt. No. 369); this Court's May 25, 2012 amended scheduling order which extended the deadlines for fact discovery to July 16, 2012 and expert depositions to October 15, 2012 (Dkt. No. 379); and the Magistrate Judge's August 7, 2012 Order granting Plaintiffs' motion for leave to file a third amended complaint to re-allege fraud (Dkt. No. 402). Under the present scenario, factual discovery was open for over five months past January 31, 2012. Hence, Plaintiffs have had sufficient opportunity to take discovery on Defendant's affirmative defenses. Moreover, the record does not demonstrate that Defendant acted in bad faith when filing its amendments. Thus, the Court can identify no unfair or undue prejudice suffered by Plaintiffs or bad faith by Defendant to overcome the established law in favor of freely granting leave to amend.

### IV. CONCLUSION

Recent developments in this litigation confirm that Plaintiffs would not suffer undue or unfair prejudice as a result of Defendant's amendments to its Answer and Affirmative Defenses.

Nor is there record evidence to support the conclusion that Defendant acted in bad faith in filing its amendments. Given the liberal standard governing amendment of pleadings, "Plaintiffs' Appeal of Magistrate Judge's Order Dated March 7, 2012, Granting Defendant's Motion for Leave to Amend Answer and Affirmative Defenses" is denied. An appropriate Order accompanies this Memorandum Opinion.

Date: October 10, 2012 _____/s/_____
WILMA A. LEWIS
District Judge